**Pie In TJONG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72307.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Frank M. Tse, Law Office of Frank M. Tse, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, OIL, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Pie In Tjong, a native and citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA affirmed the IJ's decision without opinion, the IJ's decision is considered the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review that decision under the substantial evidence standard and must uphold it unless the evidence compels a reasonable factfinder to reach a contrary result. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). We deny the petition.

To establish eligibility for asylum, Tjong must demonstrate that she is unable or unwilling to return to Indonesia because of past persecution or a well-founded fear of future persecution on account of her Chinese ethnicity or another statutorily protected ground. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003).

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

792

Substantial evidence supports the IJ's determination that Tjong has not suffered past persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)). Tjong testified that she has been subjected to verbal harassment and unwanted physical touching and was once mugged by three teenagers. Her father was stabbed while walking home from work, and his shop was twice burned down. These incidents are not so severe as to compel a finding of past persecution. *See Nagoulko*, 333 F.3d at 1016 (Pentecostal Christian was not persecuted where she was fired from her job; repeatedly "teased, bothered, discriminated against and harassed"; and physically assaulted by police because of her beliefs).

There is likewise substantial evidence supporting the IJ's finding that Tjong does not have a well-founded fear of future persecution. Tjong testified that she did not suffer any significant harassment after relocating from Medan to Jakarta in 1995. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir.1991) ("the BIA may properly consider as significant a petitioner's continued safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced fear"). Her claim is further undermined by the fact that her mother and sister continue to reside in the family home in Jakarta without incident. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996).

Because Tjong has failed to establish eligibility for asylum, it follows *a fortiori* that she is unable to meet the more de-

manding evidentiary burden for withholding of removal. *See Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**